Filed 1/8/15  P. v. Castellanos CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JULIO ANTONIO CASTELLANOS,<br><br>        Defendant and Appellant. | A140709<br><br>(Lake County<br>Super. Ct. No. CR932882) |

### INTRODUCTION

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, counsel for defendant requests this court independently review the entire record on appeal in this case.  (See also *Anders v. California* (1967) 386 U.S. 738.)  Defendant has been advised by his counsel of his right to file a supplemental brief with this court within 30 days of the date the opening brief is filed.  Defendant has filed no supplemental brief.  We have reviewed the record as requested and conclude the appeal should be denied and the judgment affirmed.  This appeal is made after the entry of a plea of no contest and is limited to matters that do not affect the validity of the plea.  The appeal is based on California Rules of Court, rule 8.304(b).

### STATEMENT OF THE CASE

In this case, an information was filed by the district attorney of Lake County on September 5, 2013.  The information alleged that on July 21, 2013, defendant committed

several offenses of the California Penal Code.[1]  Defendant was charged with the unlawful taking of an automobile with a prior conviction (§ 666.5, subd. (a); count 1), receiving stolen property (§ 496d, subd. (a); count 2), falsely identifying himself to a police officer (§ 148.9, subd. (a); count 3), driving with a license that had been revoked or suspended pursuant to Vehicle Code sections 13353 and 13353.2, (Veh. Code, § 14601.5, subd. (a); count 4), and driving with an invalid license (Veh. Code, § 14601.1, subd. (a); count 5).

On November 1, 2013, pursuant to a negotiated plea disposition, defendant entered a no contest plea to count 1, and admitted a prior conviction alleged in the count.  The trial court agreed the sentence would be no greater than the midterm of three years in state prison, and the district attorney dismissed the remaining counts in the information.

On November 25, 2013, the court denied probation and sentenced defendant after a sentencing hearing to the midterm sentence of three years in state prison.

On January 6, 2014, defendant filed a timely notice of appeal based on the sentence imposed.

After defendant filed his appeal, his appointed counsel made a request to the trial court on April 9, 2014 to modify the restitution fine (§ 1202.4, subd. (b)) and defendant's postrelease community supervision revocation fine (§ 1202.45, subd. (b)) from $1120 to $840 each.  On April 14, 2014, the trial court ordered the restitution fine—pursuant to section 1202.4, subdivision (b)—and the supervision fine—pursuant to section 1202.45—reduced as requested to $840.

## STATEMENT OF FACTS

A review of the probation report in this case filed November 25, 2013 states that on July 21, 2013, a deputy with the Lake County Sheriff's Office stopped a vehicle operated by defendant.  Defendant identified himself as "David Castellanos."  He advised

---

[1]  Unspecified references to statutes are to the Penal Code.

the deputy his cousin owned the car defendant was driving. The vehicle did not have a key in the ignition and defendant had no key to operate the car.

Contact with the registered owner of the car by a member of the Sheriff's Office disclosed the vehicle was stolen. The true owner of the vehicle came to the scene of the detention and had the proper keys for the car. The owner told the officers he did not know defendant.

## ANALYSIS

The judgment in this case does not contain a certificate of probable cause signed by the trial court. We have reviewed the record and conclude defendant was competently represented by counsel during these proceedings. Defendant and his attorney requested a sentence less than the midterm imposed here. The trial judge articulated his reasons for imposing the midterm, finding no special circumstances for probation or a lesser term of custody. We find no abuse of discretion here.

## DISPOSITION

We affirm the judgment.

_____

Dondero, J.

We concur:


_____

Humes, P.J.


_____

Banke, J.

4